# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BELINDA RAMOS, et al.,**

        **Plaintiffs,**

**-vs-**                                                        **Case No. 6:09-cv-1826-Orl-22DAB**

**ALL PURPOSE INSURANCE, INC., et al.,**

        **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motions filed herein:

> **MOTION:**    **MOTION FOR ENTRY OF CLERK DEFAULT (Doc. No. 17)**
>
> **FILED:**      **April 5, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:**    **MOTION TO EXTEND TIME (Doc. No. 18)**
>
> **FILED:**      **April 5, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, to the extent not moot**.

> **MOTION:** MOTION FOR FINAL JUDGMENT (Doc. No. 20)
>
> **FILED:** April 20, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

As set forth in the motions, Plaintiffs seek final judgment against Defendants with respect to claims of unpaid wages and overtime in this Fair Labor Standards Act (herein "FLSA" or "the Act") case. The docket reflects that Defendants were served and no Defendant has filed a response with the Court.[1] As the motions are in order and are properly supported, it is **respectfully recommended** that the motions be **GRANTED,** and that judgment be entered, as set forth herein.

### *STANDARD OF REVIEW*

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

### *ISSUES AND ANALYSIS*

In their Complaint (Doc. No. 1), Plaintiffs allege that they were employed by Defendant All Purpose Insurance, Inc. (Allegations 4-8), and that this Defendant is an "employer" within the

---

[1] Defendant Kayton Scarboro sent Plaintiff's counsel a letter that purported to raise a defense, and the Court directed that the letter be filed with the Court (Doc. Nos. 15, 16). Despite an opportunity to do so, Scarboro informed Plaintiff's counsel that he did not intend to file an Answer in response to the Complaint (Doc. No. 18), and, in fact, he has not done so, nor has he filed a response to the motion for entry of default against him (Doc. No. 17). The other Defendants have not responded at all to the Complaint or any of the motions, nor did any Defendant attend the final hearing.

definition of the Act (Allegation 9). The Complaint asserts that this Defendant "was an enterprise with annual gross revenue of $500,000 a year;" is "an enterprise engaged in commerce or in the production of goods for commerce;" and, at all times relevant, Plaintiffs were employees of Defendant engaged in commerce, as defined by the Act (Allegations 10-12). The Complaint alleges that during the employment, Defendants Kayton Scarboro and Sandra Alexander were owners and/or officers of All Purpose Insurance, Inc. acting directly or indirectly in the interest of All Purpose Insurance, Inc., were substantially in control of the terms and conditions of the employees' work, and are considered statutory employers under 29 U.S.C. § 203(d) (Doc. No. 13-14). Plaintiffs plead a count for unpaid overtime, alleging that between December 27, 2008 to March 18, 2009, Defendants "repeatedly and willfully" failed to properly compensate them for overtime (Allegation 17). Plaintiffs also set forth a count for violation of the minimum wage provision of the Act, alleging that Defendants "willfully violated" the Act by failing to compensate each Plaintiff at a rate equal to the minimum wage for certain work performed (Allegations 19-23). As a default admits the well-plead allegations, Defendants have admitted that they were statutory employers and that they willfully failed to pay wages to Plaintiffs.

The allegations of the Complaint are further supported by the Declarations of each Plaintiff (Doc. No. 20, exhibits), attesting to his or her employment, and setting forth the amounts due, summarized as follows:

| Plaintiff  | Overtime | Min. wage  | Total unpaid | Liquidated | TOTAL      |
|------------|----------|------------|--------------|------------|------------|
| B. Ramos   | $704.00  | $3,144.00  | $3,848.00    | $3,848.00  | $7,696.00  |
| G. Diaz    | $540.00  | $3,144.00  | $3,684.00    | $3,684.00  | $7,368.00  |
| N. Cortes  | $704.00  | $3,144.00  | $3,848.00    | $3,848.00  | $7,696.00  |
| N. DeJesus | $720.00  | $3,144.00  | $3,864.00    | $3,864.00  | $7,728.00  |
| J. Santiago| $480.00  | $3,144.00  | $3,624.00    | $3,624.00  | $7,248.00  |

Absent objection by the defaulting defendants, the Court accepts the sworn statements as to the unpaid overtime and wages due. As set forth in the declarations, Plaintiffs have each established the hours worked, the wages owed, and the fact that each was, indeed, not paid. Thus, each Plaintiff has established entitlement to an award of damages and liquidated damages, in the total amounts set forth in the table above, pursuant to the Fair Labor Standards Act (29 U.S.C.A.§ 201, *et seq*.).

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.") Here, counsel has provided an Affidavit setting forth his itemization for prosecuting the case on behalf of Plaintiffs (Doc. No. 20-6). Counsel avers that he has spent 2.4 hours of attorney time (at a claimed rate of $275.00 per hour) and 5.2 hours of paralegal time (at $95.00 per hour) for a total fee of $1,154.00 in attorney's fees. While the Court would normally conduct a full lodestar analysis of the hours and rate, the Court finds such an analysis to be unnecessary in view of the *prima facie* reasonableness of the total fee award sought here. Indeed, the total fee is exceptionally reasonable for prosecution of an FLSA suit on behalf of five Plaintiffs.[2]

It is therefore **respectfully recommended** that the motions be granted, and judgment be entered for each Plaintiff in the total amounts set forth in the above table, plus $1,154.00 for

---

[2]Counsel is to be commended for the professionalism shown throughout the case.

-4-

attorney's fees. Costs should be taxed by the Clerk in the normal course, as prescribed by the Federal Rules of Civil Procedure.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 28, 2010.

                                          *David A. Baker*

                                          DAVID A. BAKER
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy