# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BELINDA RAMOS, et al.,**

        **Plaintiffs,**

**-vs-**                                   **Case No. 6:09-cv-1826-Orl-22DAB**

**ALL PURPOSE INSURANCE, INC., et al.,**

        **Defendants.**

_____

## ORDER

### I. INTRODUCTION

This cause comes before the Court for consideration of Plaintiffs Belinda Ramos', Georgette Diaz's, Nancy Cortes', Jose Santiago's, and Nilsa Dejesus'(collectively "Plaintiffs") Motion for Final Judgment (Doc. No. 20), filed on April 20, 2010. Also before this Court is Plaintiffs' Motion for Entry of Clerk Default (Doc. No. 17) and Motion to Extend Time (Doc. No. 18), both filed on April 5, 2010. The United States Magistrate Judge submitted a Report and Recommendation ("R&R"), which recommended that all three of Plaintiffs' motions be granted. (Doc. No. 22.) Pro Se Defendant Kayton Scarboro filed an Objection to the R&R on May 7, 2010. (Doc. No. 23.)

On October 28, 2009, Plaintiffs filed a complaint against Defendants All Purpose Insurance, Inc. ("API"), Scarboro, and Sandra Alexander. (Doc. No. 1.)[1] Plaintiffs assert claims of unpaid

---

[1] According to the Complaint, Scarboro and Alexander were owners and/or officers of API. (Doc. No. 1 ¶ 13.)

wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. They also seek liquidated damages, attorneys' fees, and costs.

The Complaint was personally served on Alexander at on November 4, 2009. (*See* Doc. No. 10.) Alexander failed to respond as required by law. The Clerk of Court entered a default against Alexander on February 1, 2010. (Doc. No. 11.)

## II. STANDARD OF REVIEW

A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

"Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009)). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Id.* (citing *Iqbal*, 129 S.Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007)). "The

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to September 30, 1981.

well-pled allegations must nudge the claim 'across the line from conceivable to plausible.' " *Id.* at 1261 (quoting *Twombly*, 550 U.S. at 570).

Therefore, to establish a claim under the FLSA for unpaid minimum wages or unpaid overtime wages, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the FLSA, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1).

### III. ANALYSIS

**A. FLSA**

To establish coverage under the FLSA, an employee must show either: "(i) that the employee was engaged in commerce or in the production of goods for commerce ( i.e., individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage)." 29 U.S.C. § 207(a); *see De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (Conway, J.) (quoting *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d. 1374, 1378 (S.D. Fla. 2009)). The work of employees "engaged in commerce" involves or relates to "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA:

> [H]e must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate

> commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc*., 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted). Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce. *Id.* at 1268.

Applying the above, the Court finds that Plaintiffs do not allege sufficient facts showing that they or their employer was engaged in commerce or in the production of goods for commerce. Specifically, the only facts offered about Plaintiffs' work are that they were employed by API as insurance customer service representatives and agents and that API is "in the business of operating an insurance agency in the State of Florida." (*Id*. at ¶¶ 4-8, 9.) Plaintiffs also allege that API "is an 'enterprise engaged in commerce or in the production of goods for commerce' as defined by 29 U.S.C. § 203(s)(1)." (*Id*. at ¶ 11.) However, Plaintiffs employment at an insurance agency in Florida is insufficient, standing alone, to establish that they engaged in commerce or in the production of goods for commerce. *See De Lotta.*, 2009 WL 4349806 at *6 (citing *Thompson v. Robinson, Inc.*, No. 6:06-cv-771-Orl-19JGG, 2007 WL 2714091 at *3 (M.D. Fla. Sept. 17, 2007)).

With respect to whether API is a covered enterprise, the well-pleaded facts must establish both that employees " 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce . . .' " and "had gross sales or business of at least $500,000." *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238). Plaintiffs do not allege facts to support either of these

elements. Therefore, the well-pleaded allegations of the Complaint are insufficient to establish that API is liable for violation of the FLSA minimum wage or overtime provisions.[3]

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). Because the well-pleaded allegations of the Complaint are insufficient to establish that API is a covered enterprise, there can be no joint and several liability as to Scarboro or Alexander.

Based on the foregoing, the Court finds that the allegations of the Complaint are insufficient to establish FLSA liability and, thus, respectfully disagrees with the Magistrate's recommendation that Plaintiffs' motion for entry of default and final judgment as to Scarboro and API be granted.[4] Additionally, the Court finds that the Clerk's entry of default against Alexander must be vacated. However, the Court will grant Plaintiffs an opportunity to amend their complaint to include sufficient factual allegations of enterprise or individual coverage.

**B. Service Upon Defendant Scarboro**

---

[3] The Court notes that in the past, it has accepted the bald allegation that a defendant was an enterprise engaged in commerce and that a plaintiff was engaged in interstate commerce without supportive facts. Reevaluation of those cases in light of the clarification in *Iqbal* regarding the necessity to plead facts, not merely conclusions, requires that the Court evaluate the facts alleged in a complaint to determine whether liability has been established.

[4] The Court finds more persuasive the reasoning set forth in *Hidalgo v. KN Gold Stone, Inc.*, 6:10-cv-00382-ACC-DAB, Doc. No. 12 (M.D. Fla. May 11, 2010).

The record makes clear that Plaintiffs attempted to serve Scarboro and API on January 26, 2010 by leaving a copy of the summons with Jason Hill as "Co-Resident" at 18334 West Shore Lane, Groveland, FL 34736. (*See* Doc. Nos. 12 & 13.) However, in his objections to the R&R, Scarboro claims that he has not lived in Groveland, FL since September 4, 2009. (Doc. No. 23 p. 1.) Rather, Scarboro asserts that he lives with his daughter in North Carolina. (*Id.*) Based on Scarboro's pro se response to the R&R, the Court questions whether service was properly effected. Accordingly, Plaintiffs shall establish that service of the original complaint was properly effected or shall re-serve the amended complaint upon Scarboro and API in accordance with Fed. R. Civ. P. 4.

## **IV. CONCLUSION**

Based on the foregoing, it is ORDERED as follows:

1. The Clerk's entry of default against Defendant Sandra Alexander (Doc. No. 11) is VACATED.

2. The Court declines to adopt the Magistrate's April 28, 2010 Report and Recommendation (Doc. No. 22).

3. Plaintiffs' Motion for Entry of Clerk Default Against Defendants All Purpose Insurance, Inc. and Kayton Scarboro (Doc. No. 17), filed on April 5, 2010, is DENIED.

4. Plaintiffs' Motion to Extend Time To April 20, 2010 to File Motion for Final Judgment Against all Defendants (Doc. No. 18), filed on April 5, 2010, is DENIED AS MOOT.

5. Plaintiffs' Motion for Final Judgment Against All Purpose Insurance, Inc. (Doc. No. 20), filed April 20, 2010, is DENIED.

6. Plaintiffs shall have ten days from the date of this Order to file an amended complaint that sets out factual allegations that support Plaintiffs' conclusions regarding involvement in commerce. Plaintiff shall have twenty days thereafter to establish that service of the original complaint was properly effected or to file proof of service of the amended complaint.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 9, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge